



*IN THE UNITED STATES DISTRICT COURT*
*FOR THE NORTHERN DISTRICT OF ILLINOIS*
*EASTERN DIVISION*

**DC Comics.,**
Plaintiff,
Vs.
**THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",**
Defendants.

**Case No.: 1:26–cv– 06072**
**Assigned Judge:** Hon. Mary M. Rowland

## DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF SEALED SCHEDULE "A" OR IN THE ALTERNATIVE TO UNSEAL THE DEFENDANT LIST

The Defendant, appearing *pro se*, respectfully moves this Honorable Court for an Order compelling the Plaintiff and its legal counsel, **TME Law**, to disclose the sealed Schedule "A" exhibit line item and assigned Defendant Number corresponding to the Defendant's restrained e-commerce account. In support of this Motion, Defendant states as follows:

### 1. Introduction and Current Asset Restraint

The Defendant recently discovered the existence of this lawsuit after receiving an automated notification from their online marketplace platform stating that their storefront account has been restricted, and 100% of their operational funds have been frozen pursuant to an *ex parte* Temporary Restraining Order (TRO) issued in this matter.

### 2. Diligent, Good-Faith Efforts Blocked by the Plaintff's Seal

The Defendant has acted with complete diligence to resolve this matter. The Defendant has contacted Plaintiff's counsel, **TME Law**, multiple times via email to identify their specific storefront and enter into immediate settlement discussions.

However, **TME Law has stated that they are unable to identify the Defendant's storefront name** within their records without the specific Defendant Number or Exhibit line item. Because the Plaintiff has filed Schedule "A" entirely under seal, the Defendant has no access to this information. This has created an impossible deadlock: the Defendant cannot identify themselves to the Plaintiff because of the seal, and the Plaintiff's counsel cannot find the Defendant because the list is hidden from the public.

**3. Legal Argument: Violation of Fifth Amendment Due Process**

The fundamental requirement of the Due Process Clause of the Fifth Amendment of the United States Constitution is **"notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

By keeping Schedule "A" under seal *after* executing the asset freeze—and failing to provide a mechanism for counsel to cross-reference store names—the Plaintiff has deprived the Defendant of basic notice. The Defendant's business operations have been paralyzed without being permitted to view the operative complaint, the specific exhibits, or the exact allegations linking them to this litigation.

**4. Legal Argument: Violation of the Presumption of Public Access to Judicial Records**

Under well-established Seventh Circuit precedent, there is a strong, historic presumption in favor of public access to judicial documents. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010).

While temporary *ex parte* sealing is permissible to prevent the dissipation of assets before a TRO is served, that justification evaporates once the e-commerce platform enforces the freeze. Continuous concealment of the identity of the defendants, especially when it hinders the parties from even communicating, serves no legitimate protective purpose and violates the public's right to open judicial proceedings.

**5. Severe Prejudice to Defendant's Ability to Defend or Settle**

The Plaintiff's failure to provide the specific exhibit lines or assigned Defendant Number severely prejudices the Defendant and paralyzes their ability to participate in this action:

- **Inability to Answer:** The Defendant cannot frame a responsive pleading or file a motion under **Federal Rule of Civil Procedure 12** because the exact claims and accused product listings are hidden.
- **Inability to Mitigate or Settle:** The Defendant cannot engage in meaningful settlement negotiations with TME Law because counsel cannot reference the specific case file identifier to open the client's file.

**6. Prayer for Relief**

To rectify this clear procedural imbalance and protect the Defendant's constitutional rights, the Defendant respectfully requests that this Court enter an Order directing the Plaintiff and TME Law to:

1. **Unseal Schedule "A":** File an unredacted version of Schedule "A" on the public electronic court docket (ECF) immediately; or
2. **Direct Disclosure:** Order Plaintiff's counsel to cross-reference the Defendant's email address and storefront name to immediately transmit the specific Schedule

"A" exhibit line item, the specific accused product details, and the assigned Defendant Number to the Defendant.

Without an order compelling this basic disclosure, the Defendant is completely barred from defending their property or resolving this dispute.

Dated: June 17, 2026

Respectfully submitted,

/s/ GOKUL
Owner / Pro Se Defendant
359 Gate No. 2, Vivekanandhar Street
Bharathinagar, Salem 636010 INDIA
Email: gokulr358@hotmail.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on June 17, 2026 with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

/s/ GOKUL

Owner / Pro Se Defendant

359 Gate No. 2, Vivekanandhar Street

Bharathinagar, Salem 636010 INDIA

Email: gokulr358@hotmail.com

Phone: +91 8608787191